*In re* Cocks' Estate.·

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

Wills—Construction—Charging Annuity on Entire Estate.

A provision in a will directing the executors to invest, within three months after the testator's death, so much of his property as will yield an annual income of $1,000, to be paid to the widow semi-annually in lieu of dower, shows a clear intention in the testator to charge the annuity to his widow upon his whole estate until such investment is made; and the estate having become so decreased, before the investment was made, that the arrears of the annuity exceeded the remaining principal and interest, the widow is entitled to the entire residue.[1] Dykman, J., dissenting.

Appeal from surrogate's court, Westchester county; Owen T. Coffin, Surrogate.

Petition by Adelia Cocks to the surrogate of Westchester county, for a decree compelling the executors of the will of John Cocks, deceased, to apply the remnant of his estate towards the payments of arrears of annuities due to her under his will. Petition denied, and petitioner appeals.

Argued before Barnard, P. J., and Pratt and Dykman, JJ.

*James A. Hudson,* for appellant. *M. L. Cobb* and *Francis Larkin,* for respondents.

Barnard, P. J. John Cocks, by his will, made a provision for his wife as follows: He directed his executors "to invest such sums of my property as will net one thousand dollars, over and above all taxes and assessments per year, upon bond and mortgage upon real estate in the county of Westchester, within three months after my decease; and from such sums so invested pay to my beloved wife, Adelia Cocks, the sum of one thousand dollars per year, and to be paid to her by said executors semi-annually so long as she shall remain my widow, unmarried, and no longer; and this provision for my said wife is in lieu of dower." Although the estate was amply sufficient to provide a fund for the above annuity if measures to that effect had been taken, it was not done, but the residuary legatees, who are all named as executors, and who had all qualified, divided almost the entire estate, which was large, among themselves. They made fitful and uncertain payments upon the annuity for some time, and then the payments altogether ceased. The amount now due the widow for back annuities is $10,175.25, and the estate left is, of principal, $4,354.70. The decree directs the payment of the interest in the remaining executors' hands to be paid to the petitioner, and the principal sum to be invested, and the interest on that only to be paid to the widow in lieu of her $1,000 annuity. This is a hard result, and I think one not supported by the cases. It is a well-settled rule that where a legacy or annuity is payable solely out of the income, and the fund fails to produce the sum required, the legacy abates in proportion to the loss of capital or fund. This rule is not one that is universally applicable to all annuities given to be paid out of income. If, from the will, an intention can be discovered that the legacy shall be paid at all events, the intention will not be permitted to be overruled by the direction that the annuity is to be raised out of a particular fund. The case of *Pierrepont* v. *Edwards,* 25 N. Y. 128, is a case very much like the present one. A testator gave an annuity payable "out of the income of my estate." The property was so unproductive that the income was not equal to the charge upon it, although.the estate had productive property to a considerable amount. The court of appeals held that the legacy was payable to the wife out of the principal of the estate, because otherwise the wife would get nothing, and the residuary legatees were alone benefited. The executors were held to be bound to produce an annuity, or in some other way to secure the payment of the annuity. The present case seems much stronger in favor

[1]As to when a legacy is held to be a charge, see Smith v. Smith, *ante,* 393, and note.

of the widow. She accepted the annuity in lieu of dower, and the testator owed the annuity as purchase money. 2 Redf. Wills, 747. In the next place, the executors have failed to set apart a fund to raise the annuity, but have distributed a very large part ($85,000) of the estate among themselves. It is manifest that the testator intended to charge this annuity upon the entire estate until the fund was set apart. If the executors, who were the residuary heirs, can reduce the estate by division among themselves, and fail to set apart the fund, thus reducing the annuity to about $200, the result is in every way inequitable. The decree of the surrogate should be modified so as to direct the payment of the entire residue to the widow, on account of her annuity, with costs to the appellant of this decree.

PRATT, J., concurs.

DYKMAN, J., (*dissenting*.) This is an appeal by the widow of the deceased testator from so much of the decree of the surrogate as denies her petition to compel the executors having custody of the remnant of the estate of John Cocks, deceased, to apply the same towards the payment of arrears of annuities due to the petitioner under the last will and testament of her said husband. By one of the provisions in the will, the testator directed his executors to invest sufficient of his estate on bonds and mortgages on real estate in Westchester county to produce a net income of $1,000 a year, and to pay such income over to his widow, in half-yearly payments, so long as she should remain unmarried. All of the children of the testator and his wife, and the husband of such of them as were married, were appointed executors of the will, and all of them qualified. No investment was ever made as directed by the will, nor any other manner, but the sum of $10,000 was invested in one of the western states, at an interest of 10 per cent., to produce the annuity of $1,000 provided for by the testator in favor of his widow, and the remainder of the estate was divided among the residuary legatees. All that now remains of the principal of the estate is $4,350, together with nearly $3,000 of accrued interest, and the amount of the arrears of the annuity due to the widow is equal to the accrued interest and the principal now remaining; and the question before the surrogate was whether he should direct the payment of the whole to the widow, and he decided that the widow was entitled only to the accumulated interest of the fund, and such as might accumulate upon the principal hereafter. It was plainly the intention of the testator that the annuity provided for his wife should be paid out of the income of the money to be invested in her favor for that purpose, and that the body of the estate should remain until the death of the annuitant. The annuity was to be paid out of the sum invested. The residue of the estate was given in equal shares to the children, and their legacies were to be paid at the end of a year after the testator's death; and the whole of the estate was thus disposed of by the testator, leaving nothing to which resort could be had to make good any deficiency which might accrue by the misconduct or misfortune of the executors. Our conclusion is that the widow was entitled only to the interest of the residue of the body of the estate remaining in the executors' hands, which is given to her in the decree from which the appeal is taken, and the same should be affirmed, with costs.