ADELIA COCKS, Appellant, v. DANIEL E. HAVILAND *et al.*, Respondents.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Appeal. Waiver.*—An appeal by a widow from a portion of a decree, which reduced her annuity, is not waived or barred by her accepting benefits under other portions of such decree.

BARNARD, P. J.—The facts, so far as pertinent to this motion, are brief. John Cocks died in 1868 and left a will by which he directed that a sufficient sum be invested in lands in Westchester county to produce an annuity of $1,000 a year for his widow. The widow and five children and two sons-in-law of testator were made executors and all qualified. The executors did not do their duty, but invested $10,000 at ten per cent on lands in Wisconsin, and substantially divided up the rest of the estate among the children. The western investment did not produce the amount of the annuity, and the arrears thereof became large. On the 6th of July, 1877, Haviland, a son-in-law, his wife, a child of testator, and Mrs. Varney, another child, paid the widow $1,800, and she gave them a full release from all liability for the annuity.

In February, 1882, the surrogate of Westchester county decreed that this release was good and that the annuity was thereby reduced to the amount of $777.03 per annum.

In November, 1886, the widow petitioned the surrogate to direct an investment of securities under the decree.

Mrs. Haviland asked for an accounting. This was ordered and the parties were brought in for that purpose.

The remnant of the estate was settled and an investment ordered for the widow on the basis of the reduced annuity, and certain costs were allowed to the widow. This decree was made in 1887. The widow appealed from a portion of

the decree, and that is still pending. The widow now appeals from that portion of the decree of 1882 which reduced the annuity. This motion to dismiss the appeal is based upon the fact that the widow has accepted benefits under this decree and cannot, therefore, appeal from the decree which is adverse to her and accept the portion in her favor and receive money under it. The motion to dismiss should be denied.

The relief which the widow got under the decree of 1882 by the decree of 1886 was not controverted. The only questions disposed of by the last decree were as to the remnant of the estate, and while the method of investment was questioned, the widow's right was not questioned as to the reduced annuity. Alexander V. Alexander, 104 N. Y. 643.

The question presented on the appeal from the 1882 decree will not require a return of anything received under the decree of 1887.

The motion, therefore, should be denied, with ten dollars costs.

DYKMAN, J., concurs.

---

NOTE.

See Miller *v.* Wright, 60 Hun, 579; Matter of N. Y. L. W. R. R. Co., 126 N. Y. 632; Sperry *v.* Hellman, 36 N. Y. St. Rep. 52; Austin *v.* Wauful, 59 Hun, 620; Martin *v.* Johnson Co., 128 N. Y. 605; Smith *v.* Dittman, 16 Daly, 427; O'Brien *v.* Smith, 59 Hun, 624; McIntyre *v.* Ger. Sav. Bk., Id. 536; Hinds *v.* Kellogg, 37 N. Y. St. Rep. 356; Matter of May, 56 Hun, 642; Monnet *v.* Merz, 43 N. Y. St. Rep. 59.