Laird vs. Giffin.

LAIRD, Appellant, vs. GIFFIN, Respondent.

*January 31 — February 21, 1893.*

*Waiver of right to appeal.*

One who accepts money awarded to him by the portion of a judgment which is in his favor, waives thereby his right to appeal from the whole judgment.

APPEAL from the Circuit Court for *Fond du Lac* County.

In August, 1890, the plaintiff commenced an action against A. H. Smiley, and garnished the defendant *Giffin.* On September 16, 1890, judgment was entered therein by default against said Smiley and in favor of the plaintiff for $466.32 damages and costs. On September 8, 1890, the

Laird vs. Giffin.

garnishee, *Giffin*, answered therein, to the effect that he had in his hands, belonging to said Smiley, $187.20, received from an insurance company named, as moneys due said Smiley on account of loss and damage by fire of wearing apparel, household furniture, library, and sewing machine, owned by said Smiley and his family, and which said property was by law exempt from levy and sale on execution; that said *Giffin* had notified said Smiley that said property was exempted, and that said Smiley did not wish to defend on that ground, and that he brought the said sum, less $3, the amount of his costs, into court and left the same there on deposit.

On September 15, 1890, the plaintiff elected to take issue on said answer of said garnishee. The issue so formed was thereupon tried by the court without a jury, and at the close of the trial the court found as matters of fact that the garnishee's answer and all the statements therein contained were true, and that the whole amount of money or property in his hands belonging to said Smiley at the time of the service of the garnishee on him, was fully disclosed in said answer, to wit, the sum of $187.20, less $3 for his costs, and the same was thereupon paid into court as provided by law and as stated in said answer; that said Smiley had waived his right to claim the money so paid into court by reason of its being exempt; that the plaintiff had recovered judgment against Smiley by default, as stated. And as conclusions of law the court found that said garnishee, *Giffin*, was entitled to judgment for costs, and that the plaintiff was entitled to said $184.20, so paid into court, less the costs of said garnishee suit to be taxed, and judgment was ordered therein accordingly. Accordingly, on December 15, 1890, judgment was entered thereon in favor of said *Giffin*, as such garnishee, and against the plaintiff, for $28.25, the amount of such costs as taxed, and that the clerk pay to the plaintiff said sum of $184.20, less said costs.

Laird vs. Giffin.

On December 20, 1890, the plaintiff's attorney drew from the clerk of said court the amount of the money so deposited with him, less said costs, to wit, $155.95, and gave his receipt therefor. On February 5, 1892, the plaintiff appealed from this judgment in favor of said garnishee to this court.

*N. C. Giffin*, in support of the motion to dismiss the appeal.

*C. D. Smith*, contra.

CASSODAY, J. The judgment appealed from is to the effect that the plaintiff should have $155.95 of the moneys so deposited, on condition that the garnishee should have the balance thereof to remunerate him for the costs which the plaintiff had unnecessarily forced him to incur. The appeal is "from the judgment, . . . and from the whole and every part thereof." The garnishee moves to dismiss the appeal on the ground that by accepting the money on the portion of the judgment in his favor the plaintiff thereby waived his right to appeal from the whole judgment. We are constrained to hold that this motion must be granted, for the reasons stated in *Webster-Glover L. & M. Co. v. St. Croix Co.* 71 Wis. 317, and cases there cited. See, also, *Smith v. Coleman*, 77 Wis. 348. Especially should such rule prevail where, as here, the moneys so applied are exempt from execution (subd. 17, sec. 2982, S. & B. Ann. Stats.), and the principal defendant has waived such exemption in order to prevent further litigation, and such waiver has been incorporated into the judgment appealed from.

*By the Court.*— The appeal is dismissed.