CLAIRVIEW PARK IMPROVEMENT CO. OF GROSS POINTE, LIMITED *v.* WAYNE CIRCUIT JUDGE.

EJECTMENT—NEW TRIAL—WAIVER—APPEAL AND ERROR.
By enforcing that part of a judgment in ejectment in favor of plaintiff, who thereafter issued the writ of restitution and threatened to serve it, plaintiff did not waive its right to insist on a new trial under section 10981, 3 Comp. Laws, as a matter of right, where the verdict and judgment deprived plaintiff of its asserted title to a portion of the property in dispute. MOORE, C. J., and BROOKE, J., dissenting.

Mandamus by the Clairview Park Improvement Company of Grosse Pointe, Limited, against George S. Hosmer, one of the Wayne circuit judges, to compel respondent to vacate orders denying a new trial to relator in certain ejectment proceedings in which relator was plaintiff. Submitted July 11, 1912. (Calendar No. 25,209.) Writ granted October 1, 1912.

*Wm. M. Mertz* (*McGregor & Bloomer*, of counsel), for relator.

*Gray & Gray*, for respondent.

STONE, J.   This court has repeatedly held that under the provisions of section 10981, 3 Comp. Laws, the party against whom judgment shall be rendered, upon payment of costs, may have a new trial as of course in the action of ejectment.   *Van Den Brooks* v. *Correon*, 48 Mich. 283 (12 N. W. 206); *Keyser* v. *Sutherland*, 59 Mich. 455–465 (26 N. W. 865).   In the last-cited case, it was said that this was a right of which no court could debar the party.   See, also, *Dennison* v. *Genesee Circuit Judge*, 37 Mich. 281–285.

In *Rupiper* v. *Calloway*, 105 Wis. 4 (80 N. W. 916), under a statute similar to ours, it was held that a plaintiff in ejectment, who had judgment for only part of the land sued for, and for costs, was entitled to a second trial as a party against whom judgment was rendered, although he had no costs to pay as a condition of the new trial.

Should we hold, in view of what we decided in *Clairview Park Improvement Co.* v. *Railway*, 164 Mich. 74 (129 N. W. 353, 33 L. R. A. [N. S.] 250), that the relator is estopped and precluded from obtaining the statutory new trial?   We there said:

"Either party to a judgment in ejectment may of right demand a statutory new trial."

We held in that case that the plaintiff had by its conduct waived its right to a writ of error; but does it follow that it may not have the statutory new trial?   We think not.   It was held, in *Bray* v. *Doheny*, 39 Minn. 355 (40 N. W. 262), that an attorney of a party might, by a stipulation made in the case, waive a new trial.

In *Roberts* v. *Baumgarten*, 126 N. Y. 336 (27 N. E. 470), an unsuccessful party in an action of ejectment was held to have wavied his right to a new trial under the statute by having stipulated, in order to perfect and maintain an appeal (which he had lost by lapse of time), that, in case the judgment of the appellate court should be against him on the whole controversy, judgment absolute should be entered against him.

In this case there has been no express waiver of the right to take a new trial; and we do not think that any should be implied from what took place in *Clairview Park Improvement Co.* v. *Railway, supra.* The new trial, under the statute, should be granted as a matter of right.

The writ of mandamus should issue, but without costs.

STEERE, MCALVAY, OSTRANDER, and BIRD, JJ., concurred with STONE, J.

MOORE, C. J. (*dissenting*). The petition prays for a writ of mandamus to compel respondent to set aside orders made April 25 and May 1, 1912, denying relator's application for a second trial in an ejectment suit, which relator claims he was entitled to under the statute, and to grant relator's motion in that court for such a trial. A reading of the opinion in *Clairview Park Improvement Co.* v. *Railway,* 164 Mich. 74 (129 N. W. 353, 33 L. R. A. [N. S.] 250), will aid in understanding the questions involved.

Counsel insist that section 10981, 3 Comp. Laws, entitles the defeated party, at any time within three years from rendering the first judgment, and upon the payment of all costs and damages, to a second trial as of right in an ejectment case, and within two years thereafter to a third trial, within the discretion of the court. It is insisted this is an absolute right; and that the court cannot interfere with it. This claim would be irresistible if the relator had done nothing to do away with this right. It, however, was not content with leaving the verdict of the jury where it stood and taking a new trial, but it attempted to retain its cake and eat it, too. A reference to the opinion will make a repetition of details unnecessary.

We hold the conduct of relator put it in a position where it could not remove its case to this court by writ of error.

" The motion to dismiss the writ of error is based upon the proposition that a party cannot, while availing himself of the judgment, so far as it passed in his favor, seek its reversal. Either party to a judgment in ejectment may

of right demand a statutory new trial.    There is here but one judgment.    If it were to be reversed at all, it must be reversed in its entirety.    If the judgment should be reversed, it would follow that it would be only under an invalid judgment that the defendant had been compelled to move its tracks."

It would seem to follow logically that if the relator did not see fit to stand upon his statutory right, but preferred to avail himself of that part of the verdict which was in his favor, it is now too late to place itself under the statute.    The action of the circuit court should be affirmed, with costs.

BROOKE, J., concurred with MOORE, C. J.