## C. D. MASTIN v. A. W. MAY and Another.[1]

July 9, 1915.

Nos. 19,289—(199).

**Judgment — right of appeal lost.**

1. Where specific relief is by a judgment granted to both plaintiff and defendant, and under the issues in the action the relief so granted is not wholly independent, but so related that the relief granted to one of the parties is dependent upon the extent of the relief granted the other, the acceptance of such relief insofar as favorable precludes the right of appeal as to the party so accepting.

**Ejectment — appeal from judgment.**

2. In an action of ejectment judgment was awarded to plaintiff for the possession of the land, and for $600 for the value of the use thereof while detained by defendant, less the sum of $250 awarded to defendant for betterments. Plaintiff accepted the money award, and then appealed from the judgment, seeking thereby to contest the allowance of $250 to defendant. It is *held* that by such acceptance plaintiff waived the right of appeal.

**Motion to dismiss appeal.**

3. The question was properly presented to the court on a motion to dismiss the appeal by affidavits showing the payment to defendants and the acceptance by plaintiff, and the fact that plaintiff had not formally satisfied the judgment of record is not important.

1 Reported in 153 N. W. 756.

---

Note.—The authorities passing upon the right to accept favorable part of a decree, judgment, or order, and appeal from the rest of it are reviewed in a note in 29 L.R.A.(N.S.) 2.

Action in the district court for Dakota county to recover possession of certain premises and $1,000 damages for the use and occupation. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff for the possession of the premises and the sum of $350. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Appeal dismissed.

*S. R. Child* and *Sherman Child,* for appellant.

*Charles R. Pye,* for respondent.

BROWN, C. J.

This action was brought to recover the possession of certain real property, and for the value of the use and occupation thereof by defendants, who, the complaint alleged, wrongfully entered into the possession of the same to the exclusion of plaintiff.[1] For such use and occupation plaintiff demanded judgment for $1,000. Defendants answered, setting up certain facts relative to negotiations between the parties looking to a purchase of the property by defendants, under and pending which negotiations, and in reliance upon the completion thereof, defendants were given the possession of the property; that during such possession and prior to the abandonment of the negotiations defendants made certain permanent improvements upon the property of the value of $800; that defendants were at all times ready and willing to carry out the contract of purchase, as embodied in the negotiations therefor, and that plaintiff refused to comply therewith. They demanded as relief that specific performance of the contract be decreed, and, in case such relief was refused, that defendants recover of plaintiff the value of the improvements made by them upon the premises, and other expenses incurred, amounting in all to $1,500. The trial court found as facts that negotiations for the purchase of the property did not constitute a contract of sale, that the minds of the parties never met upon the terms thereof, yet that defendants in good faith and in reliance upon consummation of the same, after being granted the possession of the property, made permanent improvements thereon of the value of $250.

The court further found, in addition to awarding possession of

---

[1] [See Mastin v. May, 127 Minn. 93, 148 N. W. 3.]

the property to plaintiff, that the value of the use thereof while in the possession of defendants was the sum of $600. Judgment was accordingly ordered in plaintiff's favor for the possession of the property, together with the sum of $600, and the costs of the action, less the value of the improvements so made by defendants. Judgment was so entered on motion of plaintiff's attorney on August 26, 1914. Thereafter, on September 29, 1914, to avoid the issuance of an execution, defendants, through their attorney, forwarded to the clerk of the district court a check for the full amount of the judgment, with costs, with instructions to pay the money over to the plaintiff upon the satisfaction of the judgment. The clerk forwarded the check to plaintiff's attorney, who cashed the same, and received the money thereon. The judgment was not however formally satisfied, and now remains upon the record as of full force and effect. On February 26, 1915, long subsequent to this payment, but within the time for appeal, plaintiff appealed from the judgment "and whole thereof." Defendants move to dismiss the appeal on the ground that the acceptance by plaintiff of the benefits granted by the judgment was a waiver of the right of appeal. The motion should be granted.

It is a well settled rule of general application that the acceptance of benefits granted by a judgment precludes the right of appeal therefrom. The rule exists by statute in some of the states, and in other states, as in this, by rule of court. Babcock v. Banning, 3 Minn. 123 (191); 2 R. C. L. 44; Harte v. Castetter, 38 Neb. 571, 57 N. W. 381; Webster-Glover L. & M. Co. v. St. Croix Co. 71 Wis. 317, 36 N. W. 864; Laird v. Giffin, 84 Wis. 286, 54 N. W. 584; Clairview Park Imp. Co. v. Detroit & L. St. C. Ry. 164 Mich. 74, 129 N. W. 353, 33 L.R.A.(N.S.) 250. It has frequently been applied in actions of ejectment where the appellant has accepted and received the benefits of the judgment insofar as favorable to him. Albright v. Oyster, 60 Fed. 644, 9 C. C. A. 173; Babbitt v. Corby, 13 Kan. 612; Hall v. Lacy, 37 Pa. 366; Bolen v. Cumby, 53 Ark. 514, 14 S. W. 926; Gray v. Smith, 17 Neb. 682, 24 N. W. 340; Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. 660; and the authorities cited in McKain v. Mullen, 29 L.R.A.(N.S.)

2, 65 W. Va. 558, 64 S. E. 829. The rule has its limitations and exceptions, depending upon the facts of the particular case. Tyler v. Shea, supra. For instance where the part of the judgment accepted is independent of and has no relation to the part which is adverse, that which is favorable may be accepted without prejudicing the right of appeal as to that which is adverse. The exception does not apply to the case at bar. The amount awarded plaintiff for the use and occupation of the land was not an independent issue in the case, but was related to and in a measure controlled by the further issue, namely, whether defendants were entitled to reduce the same, by way of offset, to the extent of the value of improvements made by them upon the premises. Nor will the court in such case go into the record for the purpose of ascertaining or determining the merits of the adverse part of the judgment. The acceptance of the benefits bars the appeal, and there the matter ends.

The point is made by appellant that respondents waived the right to move for a dismissal by not presenting their motion on the opening day of the term, and by the delay in making it; and further that the judgment has not been satisfied of record, and that the court is without power to inquire into the question of payment on this appeal. These contentions are not sound. It was not necessary that the motion be made on the opening day of the term, and the delay in presenting the matter is sufficiently explained by the affidavits. Todd v. Bettingen, 102 Minn. 260, 113 N. W. 906, 18 L.R.A.(N.S.) 263, is distinguishable in its facts. The matter was properly submitted on affidavits, and it is not important that the judgment has not formally been satisfied of record. The question was so submitted in Babcock v. Banning, 3 Minn. 123 (191).

Appeal dismissed.

SCHALLER, J., took no part.