## ETHEL ELIZABETH SPRATT v. CHARLES N. SPRATT.[1]

March 15, May 24, 1918.

No. 20,885.

**Appeal and error — dismissal of appeal.**

Action for divorce. Decision in favor of defendant, with allowances to plaintiff for support and counsel fees. Motion to dismiss plaintiff's appeals from judgment and order for support, granted on the ground that plaintiff, by accepting the benefits, had waived her right to appeal. [Reporter.]

Action for divorce in the district court for Hennepin county. The case

[1]Reported in 166 N. W. 769, 167 N. W. 735.

was tried before Steele, J., who made findings and ordered judgment in favor of defendant, awarding him the care and custody of 4 of the children. From the judgment entered pursuant to the order for judgment and from the order denying her motion for a new trial, plaintiff appealed. Defendant moved to dismiss the appeals. Dismissed.

*Milton D. Purdy* and *Larrabee & Olson,* for appellant.

*J. W. Gilger* and *A. B. Jackson,* for respondent.

On March 15, 1918, the following opinion was filed:

PER CURIAM.

The motion of the defendant-respondent to dismiss the appeal is denied. By order of the court, made before the trial, defendant was required to pay to plaintiff during the pendency of the action $50 per week, was required to permit plaintiff to live in part of the family home and was required to pay all her household expenses and to supply all the needs of their five children. The decree appealed from granted defendant a divorce, gave plaintiff the custody of one child, required plaintiff to "forthwith remove herself * * * from the defendant's house, and that she be permitted to take with her the said child * * * and to live with her said child at a suitable hotel, or place of temporary residence," until an arrangement for a permanent residence provided in the decree could be carried out, and it allowed her $350 a month for the support and maintenance of herself and child, and $500 a year, payable in monthly instalments, for rental of an apartment.

Plaintiff obeyed the mandate of the decree. She was obliged to do so. She has received from month to month the allowances made. She had no other means of support for herself and child, and in no other way could she have complied with the decree.

Defendant claims that, by accepting these benefits under the decree, she has waived her right to appeal from it. There is a rule "that the acceptance of benefits granted by a judgment precludes the right of appeal therefrom." Mastin v. May, 130 Minn. 281, 153 N. W. 756. But this "rule requiring consistency of action before the courts is no arbitrary rule." Bigelow, Estoppel, (6th ed.) p. 790. It "cannot be pressed too far without injustice." Elliott, App. Pro. § 151n. It has no application if a party when he chooses a particular course has no real free choice. This is the general rule as to estoppel by election. Bigelow, Estoppel, p. 747; Cincinnati v. Cameron, 33 Oh. St. 336, 374; Field, J., in Zottman v. San Francisco, 20 Cal. 96, 107, 81 Am. Dec. 96; Cooley, J., in Potter v. Brown, 50 Mich. 436, 15 N. W. 540.

The members of the court who heard this motion are of the opinion that a wife without means of support should not be held to waive her right to review a decree divorcing her from her husband and ordering her from his house, by the forced acceptance of monthly allowances made in the decree which are not appreciably larger than the allowances previously made

pendente lite. We think this decision is not out of harmony with anything said in Gran v. Gran, 129 Minn. 531, 152 N. W. 269.

Plaintiff asks the court for an allowance for expenses in preparation of her appeal. The power of this court to make such allowance was asserted in Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766, and has since been exercised in many cases without question raised. It is ordered that she be allowed $800 for such expenses. The matter of attorneys' fees may rest until the determination of the appeal.

On May 24, 1918, the following opinion was filed:

PER CURIAM.

A motion to dismiss the appeal in this case was made on the ground that appellant had estopped herself from appealing by accepting benefits under the decree. Three members of the court heard the motion and it was by them denied. After reconsideration of the case by all members of the court, a majority are of the opinion that the appeal should be dismissed on the ground stated.

So ordered.