ZEPHRAIM PATNODE v. PETER MAY AND ANOTHER.[1]

January 16, 1931.

No. 28,219.

[1]Reported in 234 N. W. 459.

*A. X. Schall, Jr.* for appellants.

*Smith, Callahan & Carlson,* for respondent.

HOLT, J.

Defendants appeal from a judgment in an ejectment action. Plaintiff owns six acres of land in the southeast quarter of section 21, township 119, range 23, Hennepin county. For the purpose of this decision, the six acres may be roughly described as 24 rods in width east and west, bounded on the south by the south line of the south half of the northeast quarter of said southeast quarter, on the north by a line 17 to 20 feet north of the north line of the south half of the northeast quarter of said southeast quarter and on the east by the east line of said section. Defendants own the land directly north and west of plaintiff's six acres. The strips in dispute are on the north and west boundaries of plaintiff's six acres, the strip on the north being 17 feet wide on the west end and 20 feet on the east end, and the one on the west varying from 5 to 11 feet in width.

The dispute appears to have arisen from the fact that two surveyors disagreed as to the location of the east quarter post of the section. Defendants' surveyor claims that to be a lost corner, and therefore placed it on a straight line drawn from the northeast corner to the southeast corner of the section and equidistant from the corners; whereas plaintiff's surveyor claims to have located the place of the quarter post from finding a stake 22½ feet west of the straight line, which place was verified by persons who had seen and

knew where the resurvey made by county surveyor Dahl in 1888 or 1889, under legislative authority (L. 1885, p. 52, c. 47, now G. S. 1923 [1 Mason, 1927] § 784) placed the stone monument to mark the east quarter post of the section. Plaintiff also claimed both strips by adverse possession; but the court submitted the issue of adverse possession of the strip on the north boundary only, and charged that the ownership on the disputed strip on the west boundary must be determined in favor of the defendants if the jury found that the east quarter corner was a lost corner, and for plaintiff if they found that it was not a lost corner. The court correctly placed the burden on plaintiff to prove that the corner was placed by his surveyor where the original government survey placed it.

The jury were requested to return a special verdict, and did so, finding for plaintiff as to the north boundary line claimed by him and also as to the west, and awarded ten dollars damages. The court made findings of fact incorporating the verdict, and thereon judgment was entered. Thereafter defendants paid the damages and costs and then appealed from the whole judgment.

Plaintiff contends that the appeal should be dismissed because defendants have acquiesced in the judgment by voluntarily paying the damages and costs. Mastin v. May, 130 Minn. 281, 153 N. W. 756; Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735, both civil suits, are cited by plaintiff as applying the rule that the party who has voluntarily accepted part of the benefits awarded by a judgment cannot thereafter appeal therefrom. Here however the respondent and not appellants accepted the benefits. We do not overlook the fact that in ejectment cases where damages are involved a plaintiff recovering possession may be awarded inadequate damages, and in that situation defendant should not be permitted to appeal from the part of the judgment awarding possession without also subjecting himself to a new trial as to damages by paying the inadequate ones awarded prior to the submission of the appeal. But in the instant case the damages awarded were so liberal, considering the insignificant injury done, that it cannot be claimed that by paying them appellants received or accepted any benefits

awarded by the judgment. The criminal cases of State v. Peoples Ice Co. 127 Minn. 252, 149 N. W. 286, Ann. Cas. 1916C, 618; and State ex rel. Weich v. City of Red Wing, 175 Minn. 222, 220 N. W. 611, are not in point because in each the penalty was fully expiated. Defendants' right of appeal was not destroyed by the payment of the damages and costs.

No error is assigned upon the charge as to the issues submitted to the jury. Error is assigned upon the refusal to give a requested instruction that the verdict be returned for defendants. Since we conclude the judgment is right, the court properly refused the requested instruction. Upon the acquisition of the title to the north line claimed by plaintiff through adverse possession, the charge accorded with the text and authorities of 1 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 113 and 114. See particularly Stevens v. Velde, 138 Minn. 59, 163 N. W. 796; Fredericksen v. Henke, 167 Minn. 356, 209 N. W. 257, 46 A. L. R. 785. Plaintiff and his brothers testified to having worked the land in question more than 35 years and were perfectly familiar with the boundary lines as claimed by the adjacent owners. In early days they testified to a post and rail fence supported by two trees, the stumps whereof still remain and mark the dead furrow up to which the owners on each side made use of the land claimed by each. The jury could well find the north boundary of the six acres to be as claimed by plaintiff and as located by his surveyor, on the ground that up to that line plaintiff had acquired title by adverse possession.

· As to the west boundary line the court made that depend upon the jury's finding whether the east quarter corner of the section was a lost corner, instructing that if they found that corner a lost or obliterated corner the jury should find in favor of defendants that the line claimed by them as the west line of plaintiff's six acres was the true boundary; but if they found that it was not a lost corner and that the proof adduced by plaintiff located the said quarter corner where the original government survey placed it, then they should find the west line in favor of plaintiff, that is, where his surveyor located the same.

The law given the jury to determine the question of a lost government corner and the proof required to relocate or find one which is not in fact lost, there being witnesses produced who knew where the original survey located the same, was clearly and fully stated. It accorded with the text and authorities cited in 1 Dunnell, Minn. Dig. (2 ed.) § 1081. True, no witness testified to having seen the east quarter stake of the section placed by the government survey; but by § 784 of the statute above cited, the stone monument placed by the Dahl survey in 1888 or 1889 is made prima facie evidence of the location of the government east quarter stake. There was abundant evidence that plaintiff's surveyor found the place where Dahl's resurvey located the government east quarter corner of the section. Upon the basis of the special verdict of the jury the court made its findings; and, the verdict being sustained, the findings were necessarily in favor of ejecting defendants from the territory east and south of the lines found to be the north and west boundary of plaintiff's land as described in his complaint. Defendants by their answer did not claim any land by adverse possession east of the line claimed by plaintiff as his west boundary line. There was no issue of "practical location" of boundary lines made either by pleading or proof.

The judgment is affirmed.