HAROLD S. NORMAN AND ASSOCIATES, INC., *v*. GERSON

1. PAYMENT—APPLICATION TO DEBTS.
    A debtor failing to specify the debt on which payment is to apply cannot redirect the payment after the creditor has applied it.

2. APPEAL AND ERROR—FINDINGS OF FACT.
    Findings of fact by a trial court sitting without a jury shall not be set aside unless clearly erroneous (GCR 1963, 517.1).

3. PAYMENT—APPLICATION TO DEBTS.
    Finding of trial court that debtor had specified with sufficient particularity which of two debts a $1500 payment should be applied on, thus preventing creditor from applying it to the other debt, will not be reversed where based on sufficient evidence in the record and not clearly erroneous.

4. APPEAL AND ERROR—SATISFACTION OF JUDGMENT.
    Acceptance of an $85 payment by plaintiff in satisfaction of judgment did not bar the right of appeal where plaintiff's acceptance of the $85 benefit could not possibly be affected by reversal of the judgment because the defendant in his answer had admitted owing the $85.

Appeal from Common Pleas Court of Detroit, John Patrick O'Brien, J.  Submitted Division 1 March 5, 1969.  (Docket No. 5,272.)  Decided March 27, 1969.

Complaint by Harold S. Norman and Associates, Inc., a Michigan corporation, against Bernard Gerson on open account.  Judgment for plaintiff

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur, Payment §§ 114, 115.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 40 Am Jur, Payment §§ 114, 115, 295.
[4] 4 Am Jur 2d, Appeal and Error §§ 260–263.

for amount admitted by defendant. Plaintiff appeals. Affirmed.

*Hertzberg, Jacob, Weingarten & Kennedy (Peter A. Nathan,* of counsel), for plaintiff.

*Samuel H. Rubin,* for defendant.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. In October, 1967, plaintiff, Harold S. Norman & Associates, Inc., a corporation controlled by Harold S. Norman, sued defendant for an indebtedness of $1,585.89 for various premiums on homeowner's and workmen's compensation insurance issued to defendant. Defendant answered that he had already paid plaintiff $1,500 of the amount owing in the form of three $500 checks, but admitted owing the remaining $85.89.

In controversy is the proper application of the three checks. Plaintiff contends the $1,500 was correctly credited to Provident Agency, an agency also controlled by Harold S. Norman, for life insurance policies carried by defendant with Provident Life and Accident Insurance Company. Therefore, plaintiff claims defendant still owes $1,585.89 for the homeowner's and workmen's compensation insurance.

Defendant alleges the life insurance policies had been cancelled and that his $1,500 payment should have been applied on the amount owing for homeowner's and workmen's compensation insurance.*

The common pleas court for the city of Detroit, sitting without a jury, found that the payments of

---

* Whether money was owing to Provident Agency for life insurance policies carried by defendant is not here in issue as that is the subject of another court proceeding.

$1,500 were intended to be applied on the workmen's compensation and homeowner's insurance and granted judgment for plaintiff for $85, which was the amount defendant admitted owing, plus costs and attorney's fee.

Plaintiff appeals, contending it was entitled to a directed verdict on the basis that a debtor failing to specify the debt on which payment is to apply cannot redirect the payment after the creditor has applied it.

While plaintiff states a correct rule of law, that rule has no application where the court correctly concludes from the evidence that the debtor specified with sufficient particularity the debt he intended to pay.   Under GCR 1963, 517.1, findings of fact by a trial court sitting without a jury shall not be set aside unless clearly erroneous.   Upon a review of the record, we conclude that sufficient evidence was presented from which the trial court could find that defendant's life insurance was cancelled and therefore that defendant, by his $1,500 payments, directed and could only have intended application of the payments to his homeowner's and workmen's compensation insurance.   The trial court's decision was not clearly erroneous.

Defendant also contends the Court of Appeals does not have jurisdiction of this appeal due to acceptance of an $85 payment by plaintiff in satisfaction of the judgment.   However, we find that in this case satisfaction did not bar the right of appeal because plaintiff's acceptance of the $85 benefit could not possibly be affected by reversal of the judgment.   *Clairview Park Improvement Co. of Grosse Pointe, Limited,* v. *Detroit & Lake St. Clair Railway* (1910), 164 Mich 74, 79.

Affirmed.   Costs to appellee.