966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TECH HILLS II ASSOCIATES, a Michigan co-partnership,
Plaintiff/Counter Defendant-Appellant Cross-Appellee,
v.
PHOENIX MUTUAL LIFE INSURANCE COMPANY, Defendant/Counter
Plaintiff-Appellee Cross-Appellant.
 Nos. 92-1048, 92-1068.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The parties in this diversity action appeal and cross appeal from the judgment dismissing claims and counterclaims for breach of contract and misrepresentation, and awarding plaintiff $252,000, plus interest, on its claims seeking the return of a loan commitment fee. Prior to filing the notice of appeal, plaintiff accepted payment from defendant in the full amount of the judgment and executed and filed an unconditional satisfaction and discharge of the judgment. Defendant now moves to dismiss plaintiff's appeal on the grounds that by accepting the benefits of the judgment, plaintiff has waived its right to appeal. In the alternative, defendant requests that plaintiff be required to return the moneys paid or post a bond. Plaintiff opposes the motion to dismiss and seeks summary reversal of the district court judgment on the ground that this action was improperly removed from state court. Defendant opposes summary reversal.
 
 
 2
 Upon review, we conclude that by accepting payment in full and executing and filing an unconditional satisfaction of judgment, plaintiff has waived its right to appeal. See Wynfield Inns v. Edward Leroux Group, Inc., 896 F.2d 483, 489 (11th Cir.1990); Fidelcor Mortgage Corp. v. Insurance Company of North America, 820 F.2d 367, 369-70 (11th Cir.1987); Talbot v. Mason, 125 F. 101, 103 (6th Cir.1903); see Westgate v. Adams, 293 Mich. 559, 292 N.W. 491 (1940); Clairview Park Improvement Co. v. Detroit & Lake St. Clair Railway, 164 Mich. 74, 129 N.W. 353 (1910). Moreover, discharge of the judgment renders the appeal moot. Schiller v. Penn Central Transp. Co., 509 F.2d 263, 266 (6th Cir.1975). Consequently, dismissal of the appeal is warranted and the court will not consider the issues raised by plaintiff in the motion for summary reversal.
 
 
 3
 It therefore is ORDERED that the motion to dismiss is granted and Case No. 92-1048 is dismissed. The motion for summary reversal is denied as moot. Defendant is directed to advise the court in writing within fourteen days of the entry of this order of its intentions with respect to the prosecution of Case No. 92-1068.