### Delilah H. Potter v. Henry F. Brown et al.

*Specific performance — Redemption from mortgage after foreclosure.*

A woman of small business experience bought land and gave back a purchase-money mortgage for part of the price. An adverse claim arose and the vendor did not protect her. She did not pay her mortgage when it was due, and the vendor foreclosed, agreeing, however, by parol, that she might make payment afterwards. She was left in possession, cultivating and improving the land. *Held* that, on her bill for specific performance of the parol agreement, she was

entitled to a decree, which would be the same, in effect, as permitting her to redeem.

A complainant is not necessarily estopped from seeking a relief that is inconsistent with positions theretofore taken, if it is defendant's fault that he has been practically forced to take them.

Appeal from Eaton. (Hooker, J.)  April 18.—April 25.

SPECIFIC PERFORMANCE. Complainant appeals. Decree entered.

*E. A. Foote* for complainant.

*Huggett & Smith* for defendants.

COOLEY, J. In this case the specific performance of a parol contract for the conveyance of land is prayed. The land was purchased by complainant of defendant Brown, and partly paid for in 1873. A deed was given, and a mortgage taken back for the unpaid purchase moneys. It afterwards appeared that there was an adverse claim to the land, and that claim and the failure of Brown to protect complainant against it has led to a large amount of litigation, including the present suit. The mortgage was not paid when due, and Brown foreclosed it and bid in the land. The contract now sought to be enforced was made contemporaneous with the foreclosure. Complainant at the time was in possession of the land, and was left there cultivating and improving it. She was to pay for the land, by the new arrangement, substantially what she was owing before with some small addition for costs. In September, 1881, complainant offered to pay Brown $463.51, and demanded a deed which Brown refused to give.

The parties differ greatly in their account of their difficulties, but we are satisfied that the main facts on which the complainant relies are as she states them, and that upon them she is entitled to relief. Decreeing specific performance under the circumstances is in effect permitting her to redeem ; for the mortgage was foreclosed on an understanding with her that she might make payment afterwards.

The embarrassments with her case arise out of the fact that the adverse claim has been made the means of serious difficulty and annoyance, and that in the course of the litigation she has at times taken positions apparently inconsistent with the relief she now seeks. It would serve no valuable purpose to enter upon an explanation of the facts here ; it is enough for present purposes to say that we do not think Brown should be suffered to take advantage of such inconsistent or foolish action of complainant as his original fault in selling her a disputed title has led her to take. She is evidently a woman of little business experience and has not always been well advised. But she has offered Brown all we think he is in equity entitled to demand.

Decree will be entered that complainant have specific relief as prayed, on making payment of the sum above specified, and that she recover costs of both courts.

The other Justices concurred.