## COHN v. HOFFMAN.

### Opinion delivered April 23, 1892.

*Mortgage—Amount required to redeem.*

> An execution purchaser of a mortgagor's interest in land is entitled to redeem upon payment of the mortgage debt, and cannot be required to pay any other debts of the mortgagor not a charge upon the premises when the judgment lien attached.

Appeal from Jackson Circuit Court in Chancery.
JAMES W. BUTLER, Judge.

*Compton & Compton* for appellant.

At the commencement of this suit, plaintiff did not stand in the attitude of a judgment creditor of Bray. He had long before become the purchaser or assignee of Bray's equity of redemption at the sale and execution, by force of which the lien of his judgment was exhausted and ceased to exist. Freeman on Judg. (3d ed.), sec. 390 ; 4 Cow. 133. As purchaser of the equity of redemption he is in privity of estate with Bray, stands in his shoes, and can only redeem as Bray himself might redeem ; that is, upon payment, not only of the mortgage debt, but of all other debts due from him to the mortgagee. 23 Ark. 479 ; 3 Ark. 556 ; Strobh. (S. C.) Eq. 257.

*Robert Neill* for appellee.

1. The right to redeem upon payment of the mortgage debts is *res judicata.* 45 Ark. 302.

2. It is immaterial whether appellee is *now* a judgment creditor or not ; his rights were acquired by virtue

of *having been* a judgment creditor, and by having purchased at execution sale the equity of redemption in Bray's land, upon which his judgment was a lien at the date of his purchase. It is stated in 23 Ark. 493, "that when a subsequent mortgagee or judgment creditor files a bill to redeem, he will be allowed to do so on payment of the mortgage debt only." A purchaser of the equity of redemption by a deed without covenants takes the land charged with the payment of the *mortgage* debt. 15 Am. & Eng. Enc. Law, p. 833, and note 2, p. 834, note 1 ; Boone on Mortgages, secs. 160, 163 ; 43 Ind. 211.

HUGHES, J. The appellee had a judgment lien on the lands he seeks to redeem in this suit from two mortgages which were prior in time, and the lien of which was superior, to the appellee's judgment lien. Appellee had execution upon his judgment, sold the lands thereunder, and bid them in. After appellee's judgment was rendered, and became a lien upon the lands, subject to the liens of appellee's two mortgages, and before appellee's purchase, the appellant had bought up several considerable claims against one Bray, his mortgagor and the judgment debtor of the appellee ; and in April, 1881, before the purchase by appellee at the execution sale in October, 1881, the appellant bought the interest of Bray in the lands, in satisfaction of his demands against him, and took a deed therefor, and went into possession of the lands. The appellee, after the time for redemption from the execution sale had expired, took a deed also to the lands from the sheriff. He brought this suit to redeem the lands by payment of the amount of appellant's mortgages only, and for an account of rents and profits.

The appellant contends that the appellee is not entitled to redeem ; but if he is, that he can only redeem by paying all of the indebtedness of Bray to the appellant, as well that which was created after the lien of the appellee's judgment had attached to the land as the two

prior mortgages ; as also the value of improvements and the amount of taxes paid by the appellant upon the lands, having, as he avers, made the improvements and paid the taxes in good faith, believing that he was the owner of the lands.

A demurrer to the bill was overruled. The answer was made a cross-complaint. The plaintiff demurred to all the paragraphs of the answer and cross-complaint except paragraph nine, which claimed the value of improvements and taxes. The demurrer was sustained. The defendant elected to stand upon his answer and cross-complaint. The cause was referred to a commissioner, with directions to state an account of the amount due on the mortgages held by the defendant against Bray at the date of the rendition of the judgment in favor of the plaintiff ; of the value of lasting improvements made and taxes paid by the defendant, distinguishing improvements made before from those made after the commencement of this suit ; also of the rental value of the lands for each year after defendant went into possession, showing the balance each year in favor of the plaintiff or defendant, until a final balance should be reached for the whole time ; and that he report. The report was made by the commissioner, was excepted to, the exceptions were overruled, and judgment went for the appellee that the two mortgages of appellant be discharged by the rents and profits of the lands, after giving the appellant credit for the taxes and permanent improvements made by him, and that the appellee was entitled to the possession of the lands ; and a writ of possession was awarded appellee. The appellant appealed.

The only questions presented by the record are : was the appellee entitled to redeem ? and was he required to pay the debts created after his judgment lien attached to the land, or only the mortgage debts which were prior to the judgment, to enable him to redeem ? The assignee

of an equity of redemption may redeem.   *Scott* v. *Henry*, 13 Ark. 112 ; 2 Jones on Mortgages, sec. 1061.

By the purchase of Bray's equity of redemption at the execution sale, the appellee acquired all Bray's interest in the land which had any existence at the date of the rendition of the judgment in favor of appellee and against Bray, which became and was a lien upon the lands from the time it was rendered till the sale.   At the date of the rendition of the judgment, Bray was .the owner of the land, subject to prior incumbrances.   When the appellee bought at the execution sale and had procured his deed, his title related to the date of the rendition of the judgment, and he became the owner of the lands, with the right which Bray had, at the rendition of the judgment, to redeem the lands by paying the mortgage debts only.

He was certainly not required to do more than this, as the purchaser and owner of the equity of redemption. Otherwise the mortgagee, without his consent, could deprive him of the value of his judgment lien by extending credit to the mortgagor and judgment debtor, after the lien of the judgment had attached.   This, if it did not destroy, would greatly lessen the value of a judgment lien, without the agency or consent of the lienor, where there was a prior mortgage upon the property bound by the lien of the judgment.

The case of *Anthony* v. *Anthony*, 23 Ark. 479, relied upon by appellant, was a case between a mortgagor and mortgagee, where the rights of no third party were involved.   The decision in that case was upon the ground that he who seeks equity must do equity, and that, under the circumstances of that case, the mortgagor, having come into a court of equity to redeem mortgaged property, should be required to pay not only the mortgage debt, but any other indebtedness of his to the mortgagee. In that case this may have been equitable ; but we do

not think it would be equitable to apply that rule in this case, but, on the contrary, that the application of it to cases like this would work great injustice.

"The interest of a judgment creditor, under his lien, in the real estate of his debtor is limited to the actual interest of the debtor at the time the lien attaches, which is the day of the rendition of his judgment, and he holds free from subsequent alienations or incumbrances, but subject to prior alienations and incumbrances;" and the same is not effected by failure to sue out execution or sell after a levy. *Watkins* v. *Wassell*, 15 Ark. 73. This being the law, we are unable to understand how the judgment creditor is in any worse attitude after he purchases, under execution upon his judgment, the interest or equity of redemption of the judgment debtor than he was before when he had only a lien upon it. "The mortgagee cannot require the payment of any other debt, not a charge upon the premises, as a condition of redemption." 2 Jones on Mortgages, sec. 1081. *Burnet* v. *Denniston*, 5 Johns. Ch. 35.

No question under the betterment act is presented, there being no cross-appeal by the appellee.

The judgment is affirmed.