DRIVER *v.* J. T. FARGASON COMPANY.

BANK OF COMMERCE & TRUST COMPANY *v.* DRIVER.

Opinion delivered May 23, 1927.

1. MORTGAGES—REDEMPTION FROM FORECLOSURE.—A provision in a mortgage that a portion of the property constituting the homestead should not be sold until the other property was exhausted, and that it might be redeemed from the foreclosure sale within a year after such sale, *held* binding.

2. MORTGAGES—VALIDITY OF DECREE ALLOWING REDEMPTION.—So much of a decree foreclosing a mortgage as provided that a mortgagor might redeem a portion of the mortgaged premises from the foreclosure sale within a year after such sale, as provided in the mortgage, *held* binding when not appealed from.

3. MORTGAGES—REDEMPTION.—The parties to a mortgage may agree that a portion of the mortgaged land may be redeemed.

4. MORTGAGES—ASSIGNMENT OF EQUITY OF REDEMPTION.—Where a mortgagor having the right to redeem the homestead from foreclosure sale assigned his right to another, his assignee had the

right to redeem whether he paid the consideration, or whether the consideration was an adequate one.

5. MORTGAGES—SUM REQUIRED TO REDEEM.—Where a mortgage reserved the right in the mortgagor to redeem the part of the land constituting the homestead from the foreclosure sale, his assignee was required to pay only the price which had been obtained for the homestead at the foreclosure sale, since the mortgage meant redemption from the sale and not from the mortgage itself.

6. MORTGAGES—APPORTIONMENT OF COSTS.—Where a mortgage provided for redemption of a portion of the land covered thereby, and that such portion should not be sold until other property was exhausted, and the land was sold as one piece in the foreclosure sale, held in redeeming such portion that it was not an abuse of discretion for the court to apportion the costs of sale and the foreclosure proceedings, instead of charging the portion redeemed with all costs.

7. COSTS—DISCRETION IN EQUITY.—In awarding costs courts of equity will take into consideration all of the circumstances of the particular case, the situation or conduct of the parties, and exercise its discretion with reference to these points.

8. APPEAL AND ERROR—DISCRETION AS TO COSTS IN EQUITY.—The apportionment of costs by courts of equity will not be disturbed on appeal, unless it appears from the facts that there was a clear abuse of discretion.

9. MORTGAGES—SUFFICIENCY OF OFFER TO REDEEM.—Whether the purchaser from a mortgagor having a right of redemption under the mortgage had money to meet the check, which he offered as payment when first offering to redeem, held immaterial where he subsequently deposited a sufficient amount of money with the court.

Appeal from Mississippi Chancery Court, Osceola District; *J. M. Futrell*, Chancellor; modified in Driver *v.* Fargason; affirmed in Bank *v.* Driver.

STATEMENT OF FACTS.

These two cases have been consolidated for the purpose of determining the issues raised by the appeal, and the principal question relates to the right of a mortgagor to redeem the mortgaged lands from a foreclosure sale in chancery.

In case 9708, certain individuals, as trustees for J. T. Fargason Company and others, brought this suit in

equity to foreclose a mortgage on real estate executed by William Walter Driver to said trustees for the benefit of his creditors. On April 12, 1921, William Walter Driver executed a deed of trust to certain trustees, conveying all his property, consisting of a large amount of personal property and 3,390 acres of land situated in Mississippi County, Arkansas, to secure debts amounting at that time to approximately $600,000. The deed of trust contained a provision that the trustees should continue the farming operations of Driver for the period of five years, with the right to foreclose the deed of trust at the end of any year that the farming operations showed a loss. On April 3, 1924, a complaint to foreclose said deed of trust was filed in the chancery court, and, as grounds therefor, it was alleged that the farming operations were running at a loss. The deed of trust contained a proviso which reads as follows: "Provided, however, that the home place shall not be sold until all other property is exhausted, and, if it must be sold, I shall have one year from the date of said sale to redeem the 320 acres upon which I live, now known as the 'home place' and that at all times during the life of this trust I shall have the right to occupy and use the residence, outhouses and such of the barns thereon as I may need for my individual use, without cost or expense to me."

On the 16th day of December, 1924, a decree of foreclosure was entered of record and a commissioner was duly appointed to sell the real and personal property embraced in the deed of trust, in case payment of the mortgage indebtedness was not made within the time provided in the decree. The decree of foreclosure contained a provision giving William Walter Driver the right, within a year from the date of sale, to redeem his home place, which is specifically described in the decree. The home place is the same place described in the deed of trust as above set forth. The lands described in the decree were duly sold by the commissioner. L. C. Whitton became the purchaser of said land for the creditors named in the mortgage for the sum of $230,000. The

land was sold to him as a whole for that price. The personal property was sold for $39,566.75. The sale was duly approved by the chancery court on October 1, 1925. The commissioner was allowed a fee of $300 for the sale of the personal property and $1,000 for the land. When the report of the commissioner was confirmed, he was directed to execute a deed to the purchaser. This case is here on appeal.

On the 18th day of March, 1926, Abner Driver filed a petition in the chancery court asking to redeem the home place above described, and the trustees named in the deed of trust are made defendants in the suit. The record in this case shows that, on the 15th day of December, 1924, William Walter Driver executed to Abner Driver a quitclaim deed to the home place above described, comprising 320 acres, which is described by metes and bounds in the deed. The consideration recited in the deed is $500. The deed was duly acknowledged on the same day and was duly filed for record on the 23rd day of March, 1925. The record in this case shows that the land described in the deed of trust was sold under the foreclosure of December 16, 1924, by the commissioner appointed for that purpose of March 3, 1925. The commissioner first offered for sale the lands of Driver in separate tracts, as provided by the decree, and then offered the land for sale as a whole. Whitton bid the sum of $230,000, and, that being more than the aggregate of the separate bids, the 3,390 acres of land described in the deed of trust was struck off and sold to said Whitton. On October 1, 1925, the commissioner's report of sale of said land was approved and confirmed by the chancery court. The decree affirming the foreclosure sale contained the following provision: "It is further ordered that said clerk and commissioner pay to R. E. Lee Wilson the sum of $31,357.56, said R. E. Lee Wilson holding a first lien on the property sold under said decree."

In his petition to redeem Abner Driver offered to pay into the court the sum of $21,000 for the purpose of

redeeming the Driver home place. On September 27, 1926, a decree was entered of record sustaining Abner Driver's right to redeem said home place, and that, taking into consideration the interest, taxes and rents for the year 1925, the sum necessary to redeem the Driver home place was fixed at $19,392.62. This case is also here on appeal.

The two cases have been consolidated for the purpose of determining the issues raised by the appeal. The record in the court below in very voluminous, but we think the facts above stated are all that is necessary for the determination of the issues raised by the appeal, with the exception of such additional facts as may be stated under appropriate headings in the opinion.

*J. T. Coston,* for Driver.

*A. F. Barham* and *Gautney & Dudley,* for Bank and Fargason.

HART, C. J., (after stating the facts). The principal question raised by the appeal involves the right to redeem what is called the Driver home place from the mortgage foreclosure decree, and that question is settled by the provisions of the deed of trust. As will be seen from our statement of facts, the deed of trust contains an express provision that the home place of 320 acres shall not be sold until all the other property is exhausted, and that the mortgagor shall have one year from the date of sale to redeem said 320 acres known as the home place, upon which he resides. This provision was as much a part of the deed of trust as any other provision contained in it and was just as binding upon the parties. The chancellor recognized the validity and binding force of this provision of the deed of trust in the foreclosure decree. It was there expressly provided that the mortgagor should have the right to redeem the 320 acres known as the home place within one year from the date of sale under the foreclosure decree, in compliance with the provisions of the deed of trust on this point. No appeal was taken by the trustees from the foreclosure decree,

and that part of the decree providing that the mortgagor might redeem the 320 acres known as the home place is just as valid and binding upon the parties as the other provisions of the decree. It is well settled that there may be a redemption of a portion of the mortgaged land with the consent of the mortgagee. 2 Jones on Mortgages, 7 ed., § 1072; *Kerse* v. *Miller*, 169 Mass. 44, 47 N. E. 504; and *Dougherty* v. *Kubat*, 67 Neb. 269, 93 N. W. 317. To the same effect see *Union Mutual Life Ins. Co.* v. *Kirschoff*, 27 N. E. 91, 133 Ill. 368; *Potter* v. *Brown*, 50 Mich. 436, 15 N. W. 540; *Heald* v. *Jarcline* (N. J. Ch.), 21 Atl. 586; *Cox* v. *Ratcliffe*, 105 Ind. 374, 5 N. E. 5; and *Oertel* v. *Pierce*, 116 Minn. 266, Ann. Cas. 1913A, page 854, and case-note, 133 N. W. 797. The record shows that the right of redemption from the sale in the case at bar was exercised within the period of time stipulated in the deed of trust.

It is next insisted that, even if William Walter Driver, the mortgagor, had the right to redeem, no such right existed in favor of Abner Driver. The record shows that William Walter Driver conveyed the home place, comprising 320 acres, to Abner Driver in consideration of $500, which was paid him. This quitclaim deed gave to Abner Driver the right to redeem said home place, provided he complied with the terms of the mortgage. It does not make any difference whether or not the consideration was actually paid as recited in the quitclaim deed or whether the consideration was an adequate one. So long as the lien of the mortgage was recognized, it did not concern the mortgagee whether William Walter Driver continued to hold himself the equity of redemption or gave it to Abner Driver. *Bradley* v. *Snyder*, 14 Ill. 263, 58 Am. Dec. 564.

This court has held that one who purchases mortgaged land from the mortgagor succeeds to the latter's equity of redemption from the mortgage. *Scott* v. *Henry*, 13 Ark. 112; *Cohn* v. *Hoffman*, 56 Ark. 119, 19 S. W. 233; and *Livingston* v. *New England Mortgage & Security Co.*, 77 Ark. 379, 91 S. W. 752.

It will be observed that the language of the deed of trust provides that the home place shall not be sold until all other property is exhausted, and, if it must be sold, the mortgagor shall have one year from the date of sale to redeem it. This means that the mortgagor shall have the right to redeem the home place from the sale under the mortgage and not from the mortgage itself. Therefore, in exercising the right to redeem, Driver was only required to pay into court what the home place sold for if it had been sold separately, as provided in the mortgage. The record, however, shows that the home place was not sold separately after the other property had been sold, as provided in the mortgage, but the whole of the mortgaged land was sold together. Now, the whole of the mortgaged land comprised about 3,390 acres, and the home place consisted of 320 acres. All of this was sold for the sum of $230,000. The court costs in the foreclosure decree amounted to $3,777.55. Abner Driver deposited a certified check in the amount of $21,000, asking the court to apply the whole or so much as was necessary thereof to the redemption of the home place. The chancery court was of the opinion that the proportionate part of the amount all the lands sold for, including the proportionate part of the cost which should be borne by the home place, amounted to $19,392.62. The balance of the $21,000 was ordered to be returned to Driver. In arriving at the amount necessary to redeem the home place, the court apportioned the costs of the case, including the cost of sale and the total cost of the foreclosure proceedings.

It is earnestly insisted that the court erred in not charging the whole of the cost of the foreclosure proceedings against Driver and in computing the whole cost and fixing the amount to be paid by him for the redemption of the home place. We do not agree with counsel in this contention. Courts of equity will, in awarding costs, take into consideration the circumstances of the particular case before it, the situation or conduct of the parties,

and exercise their discretion with reference to these points. *McCauley* v. *Arkansas Rice Growers' Co-op. Assn.,* 171 Ark. 1155, 287 S. W. 419, and *Temple* v. *Lawson,* 19 Ark. 148.

Courts of equity, by virtue of the discretion vested in them, have power in a proper case to apportion the costs between the parties, and their action will not be disturbed, unless it appears from the facts disclosed by the record that there was a clear abuse of discretion. In the case at bar no such abuse of discretion is shown. The express terms of the mortgage provided that all the other property should be sold before the home place, and the mortgagor was given the right to redeem it from the mortgage sale. Instead of carrying out the provisions of the mortgage, the mortgagee caused all of the land to be sold in bulk, and the sale was confirmed in that way. There would have had to have been a foreclosure of the land in the deed of trust in any event, and all of it should have been sold before the home place was sold. Not having done so, it became necessary for the court to fix the amount at which the home place would likely have been sold had the provisions of the deed of trust been carried out. It would be inequitable to tax the whole cost of the foreclosure against this tract of land. Indeed, it is probable that no foreclosure would have been necessary as to it. The parties might have agreed upon its value. In any event, it is in accordance with the principles of equity to apportion the costs, and it cannot be said that the chancellor abused his discretion in the amount of cost awarded as the proportionate part necessary to be taxed against the home place in fixing the amount for which it might be redeemed.

Again, it is insisted that Abner Driver gave a check when he first offered to redeem the home place. We do not deem it necessary to discuss this phase of the case at length. Whether he had the money in the bank with which to pay the check at the time he gave it or not, it is certain that he paid into the court the amount necessary

to redeem the land. The record shows that, when he first applied to the mortgagees to redeem the land, they denied this right to redeem. Under these circumstances it made but little difference whether he had the money at the time or not. As we have just seen, he did have the amount necessary to redeem the land when it was fixed by the court. Indeed, before that time, he had paid into the depository of the court the sum of $21,000 to be used in redeeming the land.

We have carefully considered the matter in all its bearings and have given consideration to all the arguments made by learned counsel in their briefs. The conclusion we have reached on the whole case, after considering all the evidence and law applicable thereto, is that in No. 9708 the decree should be modified so as to allow a redemption of the home place as herein provided; and the decree in No. 10074 allowing the redemption of the home place was correct, and will therefore be affirmed.

It is so ordered.