WARREN COTTON OIL & MANUFACTURING COMPANY
v. SULLIVAN.

Opinion delivered October 14, 1929.

92

*D. A. Bradham* and *Duval L. Purkins,* for appellant.

*Clary & Ball, W. D. Jones, John E. Hooker* and *T. M. Hooker,* for appellee.

HART, C. J., (after stating the facts). The record shows that appellant obtained judgment against appellee L. L. Sullivan, before a justice of the peace, and, after a return of *nulla bona* on an execution issued by the justice, the transcript of the judgment was filed in the office of the circuit clerk in the county where the lands in controversy are situated. The judgment obtained before the justice of the peace, and filed in the office of the circuit clerk, was a junior lien to a mortgage executed by the owner of the lands to the Bank of Rison. An execution was issued by the circuit clerk upon the transcript of the justice judgment, and levied on the lands in controversy. The lands were sold by the sheriff, and bid in by appellant. When appellant purchased the lands at the execution sale, he acquired title thereto subject to the mortgage which appellee had executed on said lands to the Bank of Rison. In other words, appellant

acquired the equity of redemption in the lands purchased at the execution sale, and held the lands subject to the mortgage of the Bank of Rison. The judgment of appellant was a junior lien, and therefore subject to the mortgage of the Bank of Rison. Having purchased the lands at the execution sale, appellant became the owner of the equity of redemption and succeeded to the rights of appellees to redeem the lands from the mortgage of the Bank of Rison. *Turner* v. *Watkins,* 31 Ark. 429; *Cohn* v. *Hoffman,* 56 Ark. 119, 19 S. W. 233; and *Dalton* v. *Brown,* 130 Ark. 200, 197 S. W. 32.

The same principle was decided in *Smith* v. *Simpson,* 129 Ark. 275, 195 S. W. 1067, where the court held that the purchaser under foreclosure proceedings instituted by the junior mortgagee has the right to redeem from the first mortgage.

As we have already seen, appellant became the owner of the equity of redemption by purchase at the sheriff's sale; and, not having been made a party to the foreclosure proceedings against appellee instituted by the Bank of Rison, it is difficult to see how its right to redeem could be affected by the foreclosure proceedings. In *Cohn* v. *Hoffman,* 56 Ark. 119, 19 S. W. 233, it was held that an execution purchaser of a mortgagor's interest in land is entitled to redeem upon payment of the mortgage debt, and cannot be required to pay any other debts of the mortgagor not a charge upon the premises when the judgment lien attached.

This is in application of the general rule laid down in *Jackson* v. *Weaver,* 138 Ind. 539, 38 N. E. 166, so that, when appellant became the owner of the equity of redemption of appellees by purchase at the sheriff's sale, not having been a party to the suit of the bank to foreclose its mortgage, the decree in that case in no wise affected its rights. Its title could not be divested in a foreclosure proceeding to which it was not a party.

In 42 C. J. 361, it is said that, where lands subject to a mortgage are sold in execution against the mortgagor,

the purchaser succeeds to the rights of the mortgagor in such sense as to be entitled to redeem from the mortgage, unaffected by any transaction between the mortgagor and the mortgagee subsequent to the judgment. The case of *Cowling* v. *Britt*, 114 Ark. 175, 169 S. W. 783, is cited in support of the text.

The reason for the rule is that, if the purchaser of the equity of redemption of the mortgagor could be compelled to pay all subsequent liens without his consent, the mortgagee could deprive him of the value of his judgment lien by extending credit to the mortgagor, and judgment debtor after the lien of the judgment had attached. This would greatly lessen the value of a judgment lien, and would necessarily impair the rights of the judgment creditor and the purchaser at the execution sale.

In 19 R. C. L., par. 456, page 640, it is said that the purchaser of the equity of redemption sold under execution has the right to redeem, and, where real estate is sold on execution and is afterwards sold on the foreclosure of a prior mortgage, the purchaser at the execution sale, if not made a party to the foreclosure proceedings, may redeem and treat the deed made on foreclosure as a mortgage, and the purchaser on foreclosure sale as the mortgagee in possession. Among the cases cited in support of the rule is that of *Insley* v. *United States*, 150 U. S. 512.

In the application of this general rule to the undisputed facts in the present case, it is clear that the Bank of Rison and appellees, as the mortgagors, could not, by any action or agreement, affect the rights of appellant by foreclosure proceedings had subsequent to the purchase at the execution sale by appellant of the equity of redemption of appellee L. L. Sullivan in the lands in question. Otherwise, as we have already seen, the Bank of Rison, as mortgagee, and appellees as mortgagors could, by agreement, deprive appellant of a valuable right which it had secured by purchase at the execution

sale. If the value of the equity of redemption which had become vested in appellant could be lessened or impaired by subsequent foreclosure proceedings to which appellant was not a party, it is very clear that it would thus be deprived of a valuable property right. By its purchase at the execution sale, appellant acquired the title to the lands in controversy, subject to the mortgage of the Bank of Rison. It had the right to redeem from this mortgage; and, when the mortgage was assigned to it by the Bank of Rison, appellant acquired a complete title to the lands in controversy, and was entitled to the possession thereof. The Bank of Rison could not have executed a quitclaim deed to appellee divesting appellant out of the title which it had already acquired.

In this view of the matter it does not make any difference whether the case was tried in law or in equity. The facts are undisputed, and the decision must be the same in either court. *Shapard* v. *Lesser,* 127 Ark. 590, 193 S. W. 262, 3 A. L. R. 247. Therefore the decree will be reversed, and the cause will be remanded with directions to grant the prayer of appellant for possession of the lands, and for such other relief as in equity it is entitled to. It is so ordered.